UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GLORIA EPPS,<br><br>　　Plaintiff,<br><br>v.<br><br>THE TJX COMPANIES, INC. d/b/a TJ MAXX,<br><br>　　Defendant. | Case No. 2:19-cv-02056<br><br><br><br>**COMPLAINT**<br><br><br>**JURY DEMANDED** |

Now comes the Plaintiff, GLORIA EPPS, by and through her attorneys, and for her Complaint against the Defendant, THE TJX COMPANIES, INC. d/b/a TJ MAXX, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.　　This is an action for damages and equitable and injunctive relief for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*.

2.　　This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the FLSA.

3.　　This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff is an individual who was at all relevant times residing in Danville, Illinois.

6. On information and belief, Defendant is a corporation of the State of Delaware, which is licensed to do business in Illinois, and whose principal place of business is located in Framingham, Massachusetts.

7. Plaintiff and Defendant are each "persons" as defined in 29 U.S.C. § 203(a).

8. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d), as, on information and belief, it included people acting directly or indirectly in the interest of an employer in relation to Plaintiff when she was an employee.

9. Defendant is an "employer" as that term is defined by 820 ILCS 105/3(c), as it is a corporation for which one or more persons were gainfully employed on some day within a calendar year.

10. At all relevant times, Plaintiff was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1), as she is an individual who is employed by Defendant, an employer.

11. At all relevant times, Plaintiff was an "employee" as that term is defined by 820 ILCS 105/3, as she is an individual permitted to work by an employer in an occupation.

## BACKGROUND FACTS

12. Beginning on or about February 13, 1996 and continuing until the present date, Plaintiff has been employed by Defendant.

13. Plaintiff's current position with Defendant is Assistant Store Manager of TJ Maxx Store 1358, located in Danville, Illinois. Plaintiff began working in this position on or about July 14, 2013.

14. Although Plaintiff is employed as an Assistant Store Manager, she has spent the majority of her time in that position performing non-managerial duties, including but not limited to assisting customers and stocking shelves and racks with products for sale.

15. Although Plaintiff is employed as an Assistant Store Manager, through common company policies and procedures, she was routinely deprived the opportunity to exercise independent judgment and discretion in matters of significance to her position, and to Defendant's business, and her primary job duties and authority were reduced to those of other non-exempt employees working in the same TJ Maxx store.

16. Although Plaintiff is employed as an Assistant Store Manager, the actual management of the TJ Maxx store in which she works is not a primary duty of her employment.

17. Although Plaintiff is employed as an Assistant Store Manager, she has not customarily and regularly directed the work of two or more other employees.

18. Although Plaintiff is employed as an Assistant Store Manager, she has not had the authority to hire or fire other employees. In addition, Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees has not been given particular weight.

19. During the time Plaintiff has been employed by Defendant as an Assistant Store Manager, Defendant has failed to pay Plaintiff the required one and one-half times her regular wage for all overtime hours worked by Plaintiff in excess of 40 hours in a given workweek.

20. During the time Plaintiff has been employed by Defendant as an Assistant Store Manager, she has regularly worked over 40 hours per workweek, often working approximately 46-48 hours per workweek.

21. During the time Plaintiff has been employed by Defendant as an Assistant Store Manager, Defendant has paid Plaintiff on a salary basis. Thus, Plaintiff receives the same gross amount of pay per workweek, regardless of the number of hours Plaintiff has actually worked.

22. Plaintiff is informed and believes and based thereon alleges that Defendant willfully enacted this policy and practice for the purpose of avoiding having to Plaintiff for her overtime hours worked, thereby increasing its own profits.

23. During the time Plaintiff has been employed by Defendant as an Assistant Store Manager, Defendant should have paid Plaintiff at a rate of one and one-half times her regular wage for all overtime hours worked by Plaintiff in excess of 40 hours in any given workweek.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 23 above as if fully reiterated herein.

25. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

26. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

27. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

28. The Fair Labor Standards Act provides that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation

for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

29. Defendant failed to compensate Plaintiff at one and one-half times her regular wage for time worked in excess of forty hours per workweek during many pay periods during her employment with Defendant.

30. Defendant, by its failure to fully compensate Plaintiff as set forth above, has violated and continues to violate the FLSA, including but not limited to, 29 U.S.C. § 207.

31. The FLSA, specifically 29 U.S.C. § 213, and its supporting regulations, exempt certain categories of employees from the FLSA's overtime pay obligations. However, none of the FLSA's overtime pay exemptions apply to Plaintiff.

32. The FLSA also provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages…The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

33. In light of Defendant's violations of the FLSA as outlined above, Plaintiff is entitled to a judgment against Defendant in the amount of her unpaid overtime compensation, and an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs of this action.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

34. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 33 above as if fully reiterated herein.

35. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS 105/1, *et seq*.

36. Defendant is subject to the overtime pay requirements of the IMWL because it employs workers within the State of Illinois.

37. The IMWL provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

38. Defendant failed to compensate Plaintiff at one and one-half times her regular wage for time worked in excess of forty hours per workweek during many pay periods during her employment with Defendant.

39. Defendant, by its failure to fully compensate Plaintiff as set forth above, has violated and continues to violate the IMWA, including but not limited to, 820 ILCS 105/4a(1).

40. The IMWL incorporates the FLSA's overtime pay exemptions as set forth in 29 U.S.C. § 213 and its supporting regulations. However, none of the FLSA's overtime pay exemptions apply to Plaintiff.

41. The IMWA provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments

for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

42. In light of Defendant's violations of the IMWL as outlined above, Plaintiff is entitled to a judgment against Defendant in the amount of her unpaid overtime compensation, plus her costs of this action and reasonable attorneys' fees, plus additional damages of two percent (2%) of the amount of any such unpaid overtime compensation for each month it has remained unpaid.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, GLORIA EPPS, respectfully prays this Honorable Court enter judgment against Defendant, THE TJX COMPANIES, INC. d/b/a TJ MAXX, as follows:

a. Awarding Plaintiff all unpaid wages, including wages at a rate not less than 1 1/2 times the regular rate at which Plaintiff was employed for all hours worked over 40 hours during any workweeks, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b);

b. Awarding Plaintiff all unpaid wages, including wages at a rate not less than 1 1/2 times the regular rate at which Plaintiff was employed for all hours worked over 40 hours during any workweeks, plus the statutory 2% per month penalties stipulated by 820 ILCS 105/12(a) and 820 ILCS 115/14(a).

c. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this action, plus reasonable attorneys' fees; and

d. Granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of any attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

GLORIA EPPS

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com