UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GLORIA EPPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-2056 |
| ) | |
| THE TJX COMPANIES INC. d/b/a ) | |
| TJ MAXX, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**O R D E R**

Before the court is the parties' Joint Motion to Approve Settlement (#18), filed December 21, 2020. For the following reasons the parties' Motion (#18) is GRANTED.

I. BACKGROUND

On March 6, 2019, Plaintiff filed her Complaint (#1) in this court, asserting claims based on Defendant's alleged violations of the Fair Labor Standards Act, 29 U.S.C §§ 201, *et seq.*, ("FLSA") and Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), and seeking recovery of unpaid overtime wages, liquidated damages, costs, and attorneys' fees.

The Complaint alleges Plaintiff, an Assistant Store Manager, was misclassified by Defendant as an exempt employee and therefore wrongfully denied overtime wages. The Complaint asserts claims related only to Plaintiff's employment. This case is not a collective action or class action.

Defendant has always denied (and continues to deny) that it violated the FLSA and IMWL with respect to Plaintiff's employment. Defendant contends it properly classified Plaintiff as an exempt employee pursuant to one or more of the exemptions provided for in the FLSA and the IMWL. Defendant also contends that even if Plaintiff could prove she was entitled to overtime compensation for hours worked during some of the periods at issue, it would still contest (1) the number of hours at issue and (2) the correct method for calculating the amount of unpaid compensation.

On June 19, 2019, the court granted Plaintiff's unopposed Motion to Stay Pending Arbitration (#12), staying this case. Since then, Plaintiff pursued her claims through arbitration and, to avoid the cost and expense of further litigation, the parties also engaged in settlement negotiations.

At all times during this litigation and the related arbitration, the parties have been represented by counsel experienced in the litigation of wage and hour claims. The parties evaluated Plaintiff's allegations and Defendant's defenses. Both sides evaluated and considered the risk of winning or losing. The parties believe there has been ample investigation and exchange of information to allow counsel for both parties to evaluate

the parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter. All negotiations were at arms-length.

The parties agree that the proposed settlement agreement negotiated by the parties reflects a reasonable compromise of Plaintiff's disputed FLSA and IMWL claims. Further, Plaintiff agrees that the proposed settlement amount represents the full and fair value of the claims she asserted in this matter.

The parties jointly agree that the terms of the proposed settlement agreement are appropriate considering all the facts and applicable legal standards.

The parties filed their proposed settlement agreement, and the court has fully reviewed it. See (#19-2).

Plaintiff is the petitioner in a bankruptcy proceeding before the United States Bankruptcy Court for the Central District of Illinois, and the Trustee in that matter sought and received approval for the proposed settlement from the bankruptcy court. See *In re Epps*, 16-90684, Order, Docket No. 51 (Bankr. C.D. Ill. July 28, 2020).

### III. ANALYSIS

Settlement of FLSA claims require court approval:

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Barrentine v. Arkansas–Best Freight System*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981)). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory." *Id.* As a result, the Act's provisions "are not subject to negotiation or bargaining between employers and employees.["]

3

> *Id.* (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)). For this reason, settlement of claims for back wages under the FLSA require approval from the Department of Labor or from a district court. *Id.* at 1352–53; see also *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ….

*Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016).

A district court may approve a settlement if it was (1) reached as a result of contested litigation and if it is (2) a fair and reasonable resolution of (3) a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc.*, 679 F.2d at 1352-54.

Here, the court finds approval of the proposed settlement agreement is appropriate.

First, the court finds that the parties have arrived at the proposed settlement agreement as a result of contested litigation and arbitration. Plaintiff instituted this suit, represented by an experienced employment attorney. Plaintiff also has asserted and pursued her claims in arbitration. Defendant has vigorously defended against Plaintiff's claims in both venues. The parties have shared documents and assessed the strengths and weaknesses of their respective positions.

Second, the court finds the parties have, in this case, a *bona fide* dispute. Plaintiff claims FLSA and IMWL violations, which Defendant denies. A *bona fide* dispute exists as to liability, the number of hours at play in Plaintiff's claims, and the proper method of calculating Plaintiff's damages (if any).

Third and finally, the court finds the proposed settlement agreement is fair and reasonable. The parties agree the proposed settlement agreement was reached as a result of arms-length negotiations. The parties agree that the negotiated proposed settlement agreement is a reasonable compromise of Plaintiff's contested claims. Plaintiff agrees the $6,000 proposed settlement amount compensates her for the full and fair value of her claims.

Further, the court notes that Plaintiff is the only plaintiff in this suit, and while the proposed settlement bars Plaintiff from recovering further money from any source based on the claims she releases in the proposed settlement agreement, there is no attempt to prevent Plaintiff from participating in any FLSA or IMWL enforcement action brought by a governmental entity or other private individual. Thus, Plaintiff is not prevented from acting as a witness or otherwise assisting with another person or entity's claims, so the public interest is not hampered, in that respect, by the parties' proposed settlement agreement. This too weighs in favor of the court's determination that the proposed settlement agreement is fair and reasonable.

As to attorneys' fees and expenses, the agreement provides that Plaintiff's attorney will receive $2,769 which, according to the Bankruptcy Trustee, represents a 33.3 percent contingency fee ($2,000) plus $769 in expenses. *In re Epps*, 16-90684, Motion to Approve Settlement, Docket No. 47 (Bankr. C.D. Ill. July 6, 2020). The court finds this fee and expense arrangement reasonable. See *Burkholder v. City of Ft. Wayne*, 750 F.

5

Supp. 2d 990, 997 (N.D. Ind. 2010) (collecting cases and approving 33.3 percent fees award in collective action FLSA settlement).

In conclusion, the court finds that the parties' proposed settlement agreement here was reached as a result of contested litigation and is a fair and reasonable resolution of a *bona fide* dispute between the parties. The parties' proposed settlement agreement is approved. See *Lynn's Food Stores, Inc.*, 679 F.2d at 1352-54.

The parties have also stipulated to the dismissal with prejudice of this matter. Stipulation (#20). Therefore, this matter is DISMISSED with prejudice.

IT IS THEREFORE ORDERED THAT:

(1) The parties' Joint Motion to Approve Settlement (#18) is GRANTED. The proposed settlement agreement (#19-1) is APPROVED.

(2) This matter is DISMISSED with prejudice pursuant to the parties' Stipulation (#20).

ENTERED this 11th day of January, 2021.

s/ Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE